UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE, by his next friend,
MRS. DOE,

        Plaintiff,        Case No.
                                Hon.
v.

ADRIAN PUBLIC SCHOOL DISTRICT,
and in their individual and official capacities,
ADAM BENSCHOTER and IAN MOHLER,

        Defendants.

---

Nicholas Roumel (P37056)
Amanda M. Ghannam (P83065)
Nacht, Roumel, & Hurwitz P.C.
101 N. Main St., Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
nroumel@nachtlaw.com
aghannam@nachtlaw.com
*Attorneys for Plaintiff*

---

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

Plaintiff, John Doe, by his next friend, Mrs. Doe, brings this complaint against Defendants Adrian Public School District, and Adam Benschoter and Ian Mohler in their individual and official capacities, and alleges as follows:

## PRELIMINARY STATEMENT

Student "I" sexually assaulted John Doe on two consecutive days at Springbrook Middle School. Defendants knew that "I" had previously been accused of sexual assault against another student, and had created an "action plan" to ensure that "I" would be constantly supervised, especially when going to the restroom, because of the risk to other students. Despite this, Defendants utterly failed to implement their action plan, failed to supervise "I" on the days of the sexual assaults against John Doe, permitted them to be in the restroom together, and permitted two blatant sexual assaults by "I" against John. The first involved attempted forced oral copulation, and the second anal rape, in the bathroom stall. John is traumatized as a sexual assault survivor and Defendants are liable for their deliberate indifference in the face of the known risks.

## PARTIES, JURISDICTION, AND VENUE

1.  Plaintiff, John Doe ("John"), is a resident of Adrian, Michigan. He requests anonymity in this lawsuit due to his age and status as a victim of a criminal sexual assault. Defendants will be readily aware of John's identity upon review of the allegations in this Complaint. If necessary and requested by this Court, John will file the appropriate motion for anonymity.

2.  John's next friend, "Mrs. Doe," is John's mother and a resident of Adrian, Michigan. She also requests anonymity in this lawsuit due to the likelihood

that if her name were used, her son John would be easily identifiable. Defendants will be readily aware of Mrs. Doe's identity upon review of the allegations in this Complaint. If necessary and requested by this Court, Mrs. Doe will file the appropriate motion for anonymity.

3. Defendant, Adrian Public School District ("APSD" or "the District"), is a Michigan public school district pursuant to the School Code of 1976, M.C.L. 380.1 *et seq.*, with principal offices at 785 Riverside Ave., Suite 1, Adrian, Lenawee County, Michigan 49221.

4. The events giving rise to this Complaint took place at Springbrook Middle School, in the Adrian Public School District, while Plaintiff was a student.

5. Defendant Adam Benschoter was, at all times relevant, the Springbrook Middle School Assistant Principal. He is sued in his individual and official capacities.

6. Defendant Ian Mohler was, at all times relevant, a teacher at Springfield Middle School. He is sued in his individual and official capacities.

7. This Court's jurisdiction is invoked pursuant to 28 U.S.C 1331, 28 U.S.C. 1343(a)(3), 1343(a)(4), 2201, and 2202; Title IX of the Education Amendments of 1972, 20 U.S.C. 1681 *et seq.*; and 42 U.S.C. 1983.

8. Venue in this Court is proper because the events giving rise to Plaintiff's claims occurred in Adrian, Lenawee County, Michigan, within this judicial district.

9. Supplemental jurisdiction over Plaintiff's state-law claims pursuant to the Michigan Elliott-Larsen Civil Rights Act, M.C.L. 37.2101 *et seq.*, is appropriate because Plaintiff's state-law claims arise out of the same events as his federal claims.

10. Exhaustion of administrative remedies is not required and/or is futile under the circumstances of this case. John Doe's injuries cannot be redressed by administrative due process procedures as he seeks monetary damages to compensate him for Defendants' deliberate indifference.

## FACTUAL ALLEGATIONS

11. During the 2020-2021 school year, Plaintiff, John Doe ("John"), was 13 years old and in the sixth grade at Springbrook Middle School ("Springbrook") within the Adrian Public School District.

12. John is a special needs student with a mild cognitive impairment.

### John Doe's First Sexual Assault by Another Student, "I"

13. John was first assaulted by "I" either on May 10 or May 11, 2021.

14. John reported that he went into the bathroom stall and that "I" followed him into the stall, pulled down his own pants, and shoved his penis into John's face.

4

15. Video surveillance confirms that both John and "I" were in the bathroom together during physical education class at approximately 11:47 AM, on Monday, May 10, 2021, for a minute or so.

16. Video surveillance also confirms that John and "I" were in the bathroom together at approximately 9:20 AM, on Tuesday May 11, also for a minute or so.

17. "I" was not supervised during either of these occasions.

18. On information and belief, John reported this incident to Mr. Mohler, but no action was taken.

## John is Anally Raped by "I" on May 12, 2021

19. On May 12, 2021, at approximately 8:20 A.M., John asked his teacher, Defendant Ian Mohler, who teaches the "mild cognitively impaired" classroom at Springbrook, if he could leave class to use the restroom.

20. Mr. Mohler gave John permission to go to the restroom.

21. Immediately after John left the classroom, another student, "I," left the classroom without permission and followed John down the hall and into the restroom.

22. Mr. Mohler's classroom has a rule that only one student may use the restroom at a time, and Mr. Mohler had actual knowledge that "I" was never supposed to be unsupervised in the hallways or especially when using the bathroom.

23. Nonetheless, Defendant Mohler delayed approximately 46 seconds before following "I."

24. Before Mohler arrived, "I" entered the restroom immediately after John, who was sitting on the toilet in a stall.

25. "I" crawled underneath the stall that John was using, and pulled down his pants and underwear, when John turned to flush, "I" forced his penis between John's buttocks and according to John, "put his privates all the way in my hind end."

26. John was terrified both during and after the assault.

27. By the time Mr. Mohler entered the boys' restroom, he saw "I" in the same stall as John with his pants down.

28. Mr. Mohler then escorted "I" to the office of Assistant Principal Adam Benschoter, and reported that he had observed "I" in the stall with John, and with his pants down.

29. Mr. Benschoter interviewed "I" without knowing that John had additionally alleged a sexual assault.

30. After "I" was dismissed, Mr. Mohler advised Mr. Benschoter that John allege he was sexually assaulted by "I."

31. Mr. Benschoter then contacted other administrators and Officer Joshua Perry, the Springbrook Middle School liaison officer.

32. Officer Perry conducted interviews and wrote a report, in which he stated, "This is the second sexual assault complaint I have taken against ["I"] this school year."

33. After the incident, Mrs. Doe took John to the emergency room, where a rape kit examination was performed.

34. John's medical examination revealed bruising around his anus.

### Springbrook Administrators Lied to Police, Knew that "I" Presented a Danger to Others, and Failed to Take Appropriate Action Before the Assault

35. During Officer Perry's investigation, Adrian Public School District's Assistant Superintendent, Kathy Westfall, represented to Officer Perry that there were no emails pertinent to the above-described incidents.

36. However, Mr. Mohler and Amy Elam informed Officer Perry that there were in fact numerous email exchanges regarding the incident and "I"'s supervision.

37. Defendants refused to turn over the relevant emails and documents to Officer Perry until he obtained a search warrant.

38. The emails revealed that Adrian Public School District administrators had known for months that "I" presented a danger to other students and that despite discussing his need for constant adult supervision, they failed to take any action to supervise "I" or prevent him from harassing or assaulting others.

39. Several months prior to "I"'s sexual assault of John, on January 20, 2021, the school social worker, Ms. Elam, had met with other administrators and "I"'s parents regarding supervision of "I."

40. In an email from Ms. Elam to Lisa Fisher, Ms. Elam recounted the January 20 meeting and stated that the group had developed an "action plan" for "I," including the following: "Supervised at all times, especially with transitions"; "Added individual to work on social skills particularly boundaries and relationships"; "No cell phone on his person"; and "As a classroom no going underneath the tables."

41. Another administrator, Deb Agnew, took notes at the meeting reflecting concerns raised by "I's" parents, which included: "Physical touch (touch, but also may hurt someone)" and "Requested 1 on 1 para."

42. Ms. Agnew's notes reflected a significant concern with "I"'s inability to respect other students' personal space and boundaries and inability to act appropriately without adult supervision.

43. Ms. Agnew's notes also stated that "Amy will continue to work one on one with ["I"] in therapy with personal space/boundaries and appropriate touching"; "Team discussed that ["I"] will need supervision during transitions (from class to class) also when in the hallways for lunch, restrooms, etc."; "Team will utilize

paraprofessional for supervision of ["I"]"; and "Paraprofessional will be with him during PE, lunch, bathroom, and hallway transitions."

44. Another document stated that "["I"] will need supervision at all times when in the hall. If he goes to the bathroom an adult needs to wait outside the bathroom entrance for him."

45. Despite Defendants' extensive communications dating back to at least January of 2021 regarding "I"'s documented inability to respect others' boundaries, the necessity of constantly supervising "I", "I"'s own parents' expressed concern that "I" might hurt another student, and the previous sexual assault complaint against "I" taken by Officer Perry, Defendants failed to take any action to prevent "I" from leaving the classroom without supervision and assaulting John Doe on May 12, 2021.

46. Since the assault, John has been scared and uncomfortable at school.

47. In August 2021, Mrs. Doe had to seek a Personal Protection Order ("PPO") to keep "I" away from John during the upcoming school year.

## COUNT I
### Violation of Title IX of the Education Amendments of 1972
### 20 U.S.C. 1682 *et seq.*

48. Title IX of the Education Amendments of 1972, 20 U.S.C. 1681(a), provides: "No person in the United States shall on the basis of sex, be…subject to

discrimination under any education program or activity receiving Federal financial assistance…"

49.    In *Gebser v. Lago Vista Independent School District*, 524 U.S. 274 (1988), the United States Supreme Court recognized that a recipient of federal educational funds intentionally violates Title IX, and is subject to a private damages action, where the recipient is "deliberately indifferent" to known acts of teacher-student discrimination.

50.    In *Davis v. Monroe County Board of Education*, 526 U.S. 629 (1999), the United States Supreme Court extended the private damages action recognized in *Gebser* to cases where the harasser is a student, rather than a teacher.

51.    *Davis* held that a complainant may prevail in a private Title IX damages action against a school district in cases of student-on-student harassment where the funding recipient is:

    a) deliberately indifferent to sexual harassment of which the recipient has actual knowledge, and

    b) the harassment is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school. [*Davis*, 526 U.S. at 1669-76]

52.    Defendants are recipients of federal financial assistance for their education programs and activities and are therefore subject to the provisions of Title IX.

53. Defendants had actual knowledge of "I"'s past sexual assault complaints and propensity to engage in further sexual harassment and assault of other students.

54. Defendants exhibited deliberate indifference to the previous sexual assault complaint against "I", in contravention of their responsibilities under Title IX.

55. But for Defendants' deliberate indifference, "I" would not have sexually assaulted John Doe.

56. "I"'s assault on John Doe was so objectively and subjectively severe, pervasive, and objectively offensive that it deprived John of access to the educational opportunities or benefits provided by the Adrian Public School District.

57. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer loss of educational opportunity, emotional distress, loss of value of life, and public embarrassment and humiliation.

## COUNT II
### Sexual Harassment
### Elliott-Larsen Civil Rights Act
### M.C.L. 37.2301 *et seq.*

58. Defendant Adrian Public School District, a public school, is a place of public accommodation as defined by the Elliott-Larsen Civil Rights Act, M.C.L. 37.2301(a), i,e., an educational institution whose goods, services, facilities,

privileges, advantages, or accommodations are extended, offered, sold, or otherwise made available to the public.

59. Defendants Adam Benschoter and Ian Mohler are persons, as that term is defined by the Elliott-Larsen Civil Rights Act, M.C.L. 37.2103, and are agents of Defendant APSD.

60. Defendants violated the Elliott-Larsen Civil Rights Act by subjecting John Doe, because of his sex, to unwanted conduct and communication of a sexual nature, which had the purpose and/or effect of denying him the full benefit of the educational programs provided by APSD and full and equal access to the use and privileges of the public accommodations, public services, and educational opportunities.

61. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer loss of educational opportunity, emotional distress, loss of value of life, and public embarrassment and humiliation.

## RELIEF REQUESTED

Wherefore, Plaintiff John Doe, by his next friend, Mrs. Doe, prays for a judgment against Defendants in whatever amount he may be found to be entitled, along with interest, costs, and attorneys' fees, and any other relief as this Court deems necessary and appropriate.

        Respectfully submitted,

        By: */s/ Nicholas Roumel*

        */s/ Amanda M. Ghannam*

        Nicholas Roumel (P37056)
        Amanda M. Ghannam (P83065)
        Nacht, Roumel, & Hurwitz P.C.
        101 N. Main St., Ste. 555
        Ann Arbor, MI 48104
        (734) 663-7550
        nroumel@nachtlaw.com
        aghannam@nachtlaw.com
        *Attorneys for Plaintiff*

Dated: December 13, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE, by his next friend,
MRS. DOE,

        Plaintiff,        Case No.
                                              Hon.

v.

ADRIAN PUBLIC SCHOOL DISTRICT,
and in their individual and official capacities,
ADAM BENSCHOTER,

        Defendants.

---

Nicholas Roumel (P37056)
Amanda M. Ghannam (P83065)
Nacht, Roumel, & Hurwitz P.C.
101 N. Main St., Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
nroumel@nachtlaw.com
aghannam@nachtlaw.com
*Attorneys for Plaintiff*

---

## **PLAINTIFF'S JURY DEMAND**

Plaintiff, John Doe, by and through his attorneys, Nacht, Roumel, & Hurwitz, P.C., hereby demands a trial by jury in the above-captioned matter on all issues so triable.

        Respectfully submitted,

        By: */s/ Nicholas Roumel*

*/s/ Amanda M. Ghannam*

    Nicholas Roumel (P37056)
    Amanda M. Ghannam (P83065)
    Nacht, Roumel, & Hurwitz P.C.
    101 N. Main St., Ste. 555
    Ann Arbor, MI 48104
    (734) 663-7550
    nroumel@nachtlaw.com
    aghannam@nachtlaw.com
    *Attorneys for Plaintiff*

December 10, 2021